RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1019-16T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Plaintiff-Respondent,

 v.

J.S.,

 Defendant-Appellant.
___________________________________

IN THE MATTER OF THE GUARDIANSHIP
OF J.E,,

 Minor.
________________________________________________________

 Submitted June 6, 2017 – Decided June 15, 2017

 Before Judges Fisher and Ostrer.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Bergen
 County, Docket No. FG-02-000054-15.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Mark E. Kleiman, Designated
 Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Julie
 B. Colonna, Deputy Attorney General, on the
 brief).
 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor (James J. Gross,
 Designated Counsel, on the brief).

PER CURIAM

 Defendant J.S. is the mother of three children. Of the three,

only the future of her youngest child, J.E. (the child), who was

born in 2013, and only defendant's parental rights to that child,1

are at stake in this guardianship action.2

 In a proceeding on February 23, 2016, defendant, who was

residing in an inpatient substance abuse program in Florida,

appeared by telephone; her attorney was present in the courtroom.

Defense counsel and the judge questioned defendant about her

decision to surrender her rights and the voluntary surrender form

that had been sent to defendant by her attorney earlier that day.

In responding, defendant said: "yes" when asked whether her

decision was voluntary; "no" when asked whether she had been

threatened, coerced or pressured; "no" when asked whether she was

under the influence of drugs, alcohol or medications; "no" when

asked whether she was suffering from any mental or physical

disability that would affect her judgment; and "yes" when asked

1
 The child's father is deceased.
2
 Because of mental health and substance abuse issues, defendant
surrendered her rights to the two older children, who were born
in 2007 and 2012, to relatives in 2009 and 2014, respectively.

 2 A-1019-16T4
whether she believed the identified surrender was in the child's

best interests. Based on these and other one-word answers,3 the

judge concluded that defendant "has voluntarily entered into this

identified surrender [and] that she believes it's in the child's

best interest." A confirming order was entered that day.

 Seven months later, with the assistance of new counsel,

defendant moved for relief from the February 23, 2016 judgment,

pursuant to Rule 4:50. In her certification, defendant claimed she

surrendered her rights while under enormous pressure and without

the ability to solemnly consider that decision. She recounted

that, on February 11, 2016, she was admitted to a substance

rehabilitation facility in Florida and was under "a dire

psychological condition" that was "so severe [she] had to receive

the highest possible dosages of anti-depressant drugs." Defendant

claimed she was then "in the throes of addiction and heavily

medicated" and "incapable of returning to New Jersey to fight for"

the child; she believed at that time that the "only solution" was

for her to surrender the child to her aunt.

3
 By our count, defendant was asked fifty-seven questions during
that proceeding. She answered fifty-five of those questions with
a single word: either "yes," "no," or "okay." As to the other two,
she gave very brief answers as well. When asked her relationship
to C.S., the person to whom she was surrendering the child,
defendant said "[s]he's – she's my aunt." And when asked to
identify the person who witnessed her signature on the voluntary
surrender form, defendant responded, "[m]y social worker."

 3 A-1019-16T4
 At the time she filed the Rule 4:50 motion, defendant was

living in a halfway house in Florida and attending both an

intensive outpatient program and cosmetology school. In her

motion, defendant provided additional information about the

circumstances surrounding the February 23, 2016 proceeding. She

stated that before entry into the inpatient program, she had been

homeless in Florida and limited in her ability to meaningfully

communicate with her attorney. Even upon admission to the

rehabilitation facility, defendant could only use a telephone in

the facility's "day room," which offered no privacy for discussions

with her attorney; she explained in her certification the nature

of the surroundings at the time of the February 23, 2016 hearing:

 I was crying the entire time [and] so
 embarrassed to participate in such a private
 proceeding in the presence of a room full of
 complete strangers, who were staring at me. I
 felt pressured and overwhelmed. I had arrived
 at the facility less than two weeks before the
 surrender date and only just met my worker,
 so she was not a support to me.

Defendant further asserted that, "[i]n retrospect," she did not

believe she was in "a capable frame of mind" when she decided to

surrender and as she stated her intentions on the record. Defendant

claimed in her certification that:

 I was suffering from a mental condition and I
 was under the influence of medications. I
 believe that the combination of these
 circumstances impaired my judgment and did not

 4 A-1019-16T4
 allow me to make a meaningful decision on that
 day.

In moving for relief from the judgment, defendant alleged her

condition had greatly improved and claimed it would be in the

child's best interests to restore her parental relationship.

 Defendant also sought additional time to provide greater

specificity about the medications she was taking when she

surrendered her rights. In a certification, defendant's attorney

explained the difficulties encountered in attempting to

communicate with defendant that hampered their ability to further

buttress defendant's grounds for Rule 4:50 relief.4 The judge

denied this request.

 The judge also denied the motion because of the lack of

specifics regarding defendant's circumstances at the time of the

February 23, 2016 hearing. Without allowing testimony, the judge

concluded that issues of permanency and stability for the child

"cut[] in favor" of denial, and that defendant had neither

demonstrated "she's currently ready to assume a parental role" nor

"established . . . she is capable of providing a safe and stable

4
 Counsel explained in her certification that defendant's cellphone
"died" while they were speaking about the motion in September and
that counsel's own intervening vacation further hampered their
ability to speak about the motion. In a later certification,
defendant explained that her telephone was "not in working order
for an extended period of time, so [she] could not receive calls
or texts from [her] lawyer."

 5 A-1019-16T4
home" for the child. An order denying relief was entered on October

26, 2016.

 Defendant appeals the October 26, 2016 order, arguing:

 I. THE TRIAL COURT'S DENIAL OF [DEFENDANT'S]
 MOTION TO VACATE THE IDENTIFIED SURRENDER MUST
 BE REVERSED PURSUANT TO RULE 4:50-1(f) BECAUSE
 TRULY EXCEPTIONAL CIRCUMSTANCES NECESSITATE
 SUCH RELIEF IN THE INTEREST OF EQUITY AND
 JUSTICE.

 II. THE TRIAL COURT'S FAILURE TO GRANT
 [DEFENDANT'S] REQUEST TO ADJOURN THE MOTION
 WAS IMPROPER BECAUSE IT PREVENTED [DEFENDANT]
 FROM DEMONSTRATING PURSUANT TO RULE 4:50-1(e)
 THAT IT WAS NO LONG EQUITABLE FOR THE
 IDENTIFIED SURRENDER ORDER TO HAVE PROSPECTIVE
 APPLICATION (Not Raised Below).

 III. DUE PROCESS AND FUNDAMENTAL FAIRNESS
 REQUIRE THAT THIS COURT REVERSE THE TRIAL
 COURT'S DENIAL OF [DEFENDANT'S] MOTION TO
 VACATE THE IDENTIFIED SURRENDER OF HER SON AND
 THAT [THE TRIAL COURT] ORDER . . . BE REVERSED,
 OR IN THE ALTERNATIVE, THAT THE MATTER BE
 REMANDED FOR A PLENARY HEARING (Not Raised
 Below).

 IV. THE COURT'S FAILURE TO GRANT [DEFENDANT]
 ADDITIONAL TIME TO PROVIDE DOCUMENTATION TO
 ESTABLISH "CHANGED CIRCUMSTANCES" WAS FUNDA-
 MENTALLY UNFAIR AND CONSTITUTED PLAIN ERROR
 (Not Raised Below).

We do not reach the merits of Point I. Instead, we agree with

defendant that, in these circumstances, the judge mistakenly

exercised his discretion when he denied defendant's request for

an adjournment. And we agree with defendant that, in either event,

 6 A-1019-16T4
the issues raised in the motion should have been developed and

examined at an evidentiary hearing.

 Permanency and the child's best interests are paramount in

any such proceeding. Following entry of a judgment terminating

parental rights, a movant must demonstrate sufficient grounds for

reopening the matter. Defendant attempted this in two ways. She

claimed she did not voluntarily surrender her rights due to her

state of mind and, in any event, in a relatively brief period of

time her circumstances changed for the better and to the point

where she could ably resume parenting the child.

 To be sure, defendant's factual assertions do not provide all

that would be helpful in understanding her state of mind on

February 23, 2016, or in the days before, nor do her assertions

provide a complete understanding of defendant's present status or

her ability to resume the role of parent. See In re Guardianship

of J.N.H., 172 N.J. 440, 474-75 (2002); N.J. Div. of Youth & Family

Servs. v. T.G., 414 N.J. Super. 423, 434-35 (App. Div.), certif.

denied, 205 N.J. 14 (2010), cert. denied, 563 U.S. 1013, 131 S.

Ct. 2925, 179 L. Ed. 2d 1255 (2011). Nevertheless, defendant's

motion provided sufficient information to justify her reasonable

request for additional time to provide greater specificity.

Although our courts endeavor to expeditiously resolve disputes

regarding the care and custody of children, we are satisfied from

 7 A-1019-16T4
our close examination of the record, that the judge erred in

failing to allow defendant an opportunity to supplement her

presentation on the Rule 4:50 motion and in failing to conduct an

evidentiary hearing at which time – and for the first time – the

judge would obtain the opportunity to see defendant in person and

assess her credibility and the earnestness of her request.

 In vacating the order under review and in remanding for

further proceedings in conformity with this opinion, we express

no view of the merits of defendant's application for relief from

the February 23, 2016 judgment; we conclude only that the

circumstances should be further developed and assessed at an

evidentiary hearing.

 Vacated and remanded for further proceedings in conformity

with this opinion. We do not retain jurisdiction.

 8 A-1019-16T4